UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jamal J.,<br><br>                        Plaintiff(s),<br><br>vs.<br><br>Frank Bisignano, Commissioner of Social Security,<br><br>                        Defendant(s). | 2:25-cv-01384-MDC<br><br>**ORDER GRANTING IFP APPLICATION (ECF NO. 1) AND DISMISSING THE COMPLAINT WITH LEAVE TO AMEND (ECF NO. 1-1)** |

Before the Court are plaintiff Jamal J.'s *Motion/Application to Proceed In Forma Pauperis* ("IFP") and *Complaint*. ECF Nos. 1 and 1-1. This is a social security appeal and plaintiff is represented by counsel. The Court GRANTS plaintiff's IFP application but DISMISSES the complaint with leave to amend.

**I.     WHETHER PLAINTIFF MAY PROCEED IN FORMA PAUPERIS**

Plaintiff Jamal J. asserts in his application to proceed in forma pauperis that he has no income, receives food stamps, and lives with his mother. *ECF No. 1*. Plaintiff's request to proceed in forma pauperis is granted.

**II.    WHETHER PLAINTIFF'S COMPLAINT STATES A PLAUSIBLE CLAIM**

   **A.  Legal Standard**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2). "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

**B. Complaint**

Plaintiff's complaint arises from an unfavorable decision by the Commissioner of Social Security Administration. ECF No. 1-1. The Court notes, however, that plaintiff has included errors in the complaint. Paragraph 3 of the complaint identifies a different plaintiff than the plaintiff that is in the caption and named in the IFP application, e.g., "Plaintiff Elfanash Bededa brings this action on her own behalf. Her Social Security Number is XXX-XX-9035." The Court thus dismisses the complaint with leave to amend.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 1) is GRANTED. Plaintiff is permitted to maintain this action without the necessity of prepayment of fees or costs or the giving of security.
2. Plaintiff's complaint (ECF No. 1-1) is DISMISSED without prejudice with leave to amend.
3. That plaintiff has until **September 12, 2025**, to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in dismissal.

4. The Clerk of the Court is directed NOT to issue summons if plaintiff files an amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

IT IS SO ORDERED.

DATED August 13, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

3